Taliaferro, J.
This case presents a very unseemly controversy, •brought on by the mistaken course pursued by the public administrator of the parish in assuming in that capacity the administration of the estate. Everett Miller died in Monroe on the ninth of October, 1874, leaving a wife, who was entitled to the administration of his succession, Civil Code, article —.
Tlie law establishing the office of public administrator did not repeal the clause of that article giving the wife, under certain contingencies, the right to administer the succession of her husband. The succession of Miller is not of that class of vacant successions which the law authorizes the public administrator to administer virbwte officii.
The facts seem to be that, only two or three days after tlie decease of Miller, an attorney, acting on behalf of tlie widow, was awaiting tlie arrival of the parish judge at his office in order to present her petition for the administration, when the public administrator, aware of this fact, anticipated her application by posting out to the residence of the judge, some four miles out of town, and procured an order for the administration.
Mrs. Miller filed an opposition, praying to be put in possession under article 930 R. C. This opposition was sustained by the parish judge, and au order rendered that the effects of the succession be put into *575 her possession upon the filing by her of the required bond. The bond was furnished, but the putting into possession was not carried into effect.
The testimony of certain parties residing at a distance, was taken under commission, for the purpose of establishing that there were heirs of Miller entitled to the estate. These parties afterward appeared and opposed the delivery of the succession to Mrs. Miller, and prayed to be recognized as the heirs of Miller and placed in possession of the estate. A counsel of absent heirs was appointed.
On the same day that the opposition of Mrs. Miller was filed, the judge appointed the public administrator to administer provisionally until the rights of the respective claimants should be finally determined.
An order was obtained upon application of the widow, that the acting administrator file an account. Under this order he filed an account nearly every item of which was opposed by her. The effort made to establish heirship in any of the parties from abroad, proved a failure.
It came out that Miller, the deceased, wás illegitimate. The relationship of the persons claiming his succession, one the uncle and the other an aunt, could not sustain their pretensions to the inheritance of his succession. The surviving wife was left without competitors for the heirship, and was properly decreed entitled to the property. The debts of the deceased, it seems were few and unimportant.
Judgment was rendered on the opposition to the account, apd the application of Boyer and Caroline Nestley to be recognized as heirs of the deceased. The application of these parties was dismissed at their costs. The account was homologated in all its parts, except that the amount on which the percentage allowed as commissions was reduced to $2457, instead of allowing it on the whole amount of the succession. The administrator was authorized to retain $L22 85 for his commissions ; also $100 to pay attorney’s lees for the succession, and to retain the sum stated in the account to pay clerk’s costs. The costs of Mrs. Miller’s opposition and those accruing on the homologation of the final account, to be borne by the succession. The decree finally ordered, that in default of delivering to Mrs. Miller the property within ten days, a writ of possession issue.
From this judgment both parties appealed.
The judgment is erroneous in allowing commissions to the public administrator, and in allowing the sum of one hundred dollars for attorney’s fees. The public administrator was wholly without right to administer the estate. He knew that the deceased had left a wife, and he was in hot haste to procure an order granting him the administration before her application for it could be presented, and which he *576 knew was already prepared and about to be presented. His pretension that he was appointed to administer provisionally, does not help his ease. The provisional appointment was improperly made. The provisional appointment of the public administrator to administer an estate, applies only to cases of contestation between third parties— not to cases where the public administrator himself is a contestant, and especially where he gets up that contestation for his own profit. If this were otherwise, the public administrator could not be prevented from clutching every succession that opens within the range of his authority. By setting up his claim to administer and invoking opposition, he would get the provisional administration and claim his commissions, and thus he might levy a kind of tribute upon every succession that opened within the limits of the parish in which he exercises his functions.
The pertinacity with which the public administrator in this case has held possession of the succession after an order was rendered for the delivery of it to the opponent, and after she had furnished the required bond, is anything but commendable. His pretense being that he had the right to retain it until he was paid the commissions he charges, not one cent of which-he is entitled to, has no force.
Whatever charges have been incurred for inventory, appraisement, and proceedings to put the opponent, Mrs. Miller, in possession, are to be at the cost of the succession ; but not the costs incurred by her opposition to the public administrator’s claim to administer the estate. The charge of three dollars for photographing the deceased to be rejected. By his own showing the public administrator has collected rents due the estate to the amount of $77. And it appears that he has paid out of the funds of the succession for taxes due by the estate $24 20. Insurance on buildings $20, and $5 for grave digging. These chai’ges were properly allowed as charges against the succession. But we do not find the data sufficiently explicit to determine with certainty the amount of funds that came into his'hands belonging to the succession, nor the amount he paid that inured to the benefit of the succession. We conclude, however, that the latter were covered by the former and that the estate owes him nothing.
It is therefore ordered that the judgment of the parish court, so far as it rejects the claims of Christian Boyer and Caroline Nestly to be recognized as the heirs of Everett Miller, deceased, and rejects the claim of $75 fee for counsel for absent heirs, be affirmed, and. in all other respects that it be annulled, avoided and reversed. It is further ordered that the costs incurred in procuring the appointment of the public administrator to administer the estate, and all costs incurred by and growing out of the contestation for the administration *577 be paid by the public administrator. There is reserved to him the right to claim from the succession or the heir in possession any sum which may be found owing to him, if any, for money advanced or paid by him, and which inured to the benefit of the succession; the right being reciprocally reserved to Mrs. Miller, or the succession, to require him to account for all funds belonging to the succession received by him. It is lastly ordered that a writ of possession issue, and the sheriff is ordered to proceed forthwith under the same to put into the possession of Charlotte Temple Miller, surviving wife and heir of Everett Miller, deceased, all the property of every kind belonging to his succession.